IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JOHN R. WILLS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:15-cv-02517-JPM-cgc |
| | ) |
| CITY OF MEMPHIS, TENNESSEE, | ) |
| MEMPHIS CITY COUNCIL, and | ) |
| SHELBY COUNTY GOVERNMENT, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' SECOND MOTIONS TO DISMISS AND
DENYING AS MOOT DEFENDANTS' FIRST MOTIONS TO DISMISS**

Before the Court are Defendant Shelby County Government's
("Shelby County") Motion to Dismiss Plaintiff's Amended
Complaint (ECF No. 31) and Defendants City of Memphis and
Memphis City Council's ("City Defendants") Motion to Dismiss
First Amended Complaint (ECF No. 32), both filed October 14,
2015.

For the reasons stated below, Shelby County's Motion is
GRANTED, and the City Defendants' Motion is GRANTED.

I.   **BACKGROUND**

A.   **Factual Background**

Plaintiff is a resident of Memphis, Shelby County,
Tennessee. (Am. Compl. ¶ 1, ECF No. 30.)  Defendant City of
Memphis is a municipal entity in Shelby County, Tennessee, and

can be served with process through its City Attorney in Memphis, Tennessee. (Id. ¶ 2.) Defendant Memphis City Council can also be served with process through the City Attorney. (Id. ¶ 3.) Defendant Shelby County Government is a political subdivision of the State of Tennessee and can be served with process through the Shelby County Attorney in Memphis, Tennessee. (Id. ¶ 4.)

Plaintiff seeks redress for negligence and civil rights violations of 42 U.S.C. §§ 1983 and 1985, the Fourteenth Amendment, the Tennessee Constitution, and the Tennessee Open Meetings Act. (Id. at 1.) Plaintiff seeks a declaratory judgment that zoning amendment ZTA 15-001 is void and unconstitutional. (Id. at 1-2.) Plaintiff also seeks monetary damages and penalties; statutory remedies; attorneys' fees; and injunctive relief. (Id. at 2.)

Plaintiff asserts that, on April 21, 2015, Plaintiff attended a Memphis City Council public meeting, which was a "remand hearing," during which Plaintiff sought to overturn the rejection of his plan for re-subdivision of a lot he owned in the Belle Meade Subdivision. (Id. ¶¶ 1, 14.) The plan had been rejected by the Land Use Control Board ("LUCB"), an agent of both the City and of Shelby County. (Id. ¶¶ 12, 14.) Plaintiff asserts that he had filed his application for re-subdivision in 2011 during the effective period of the original version of the

Unified Development Code ("UDC").   (Id. ¶ 15.)[1]   The UDC was

later amended several times through amendments adopted by the

City Council and Shelby County Board of Commissioners.   (Id.

¶ 17.)   Plaintiff alleges that the Defendants did not apply ZTA

14-001, the then-applicable zoning law, or any amendments to the

UDC, when denying his application.   (Id. ¶ 25.)   Plaintiff filed

a new application on May 27, 2015 ("the 2015 Application").

(Id. ¶ 59.)

Plaintiff asserts that Defendants violated his due process

rights by enacting ZTA 15-001, which was initiated by the City

Council and drafted by Josh Whitehead, director of planning for

the Office of Planning and Development ("OPD"), under the

direction of Allan Wade, counsel for the City Council.   (Id.

¶¶ 7, 10, 36, 156, 169.)   ZTA 15-001 amends UDC Section 9.7.7H

to read that the Section "only appl[ies] to proposed

subdivisions within the City of Memphis [and that t]he LUCB or

City Council may reject a preliminary plan if . . . [the]

subdivision is not in keeping with the character . . . in the

neighborhood."   (Id. ¶ 92.)   Plaintiff alleges that ZTA 15-001

was not enacted in accordance with the UDC 9.3.3 Application

Requirements, which required that an application for the

---

[1] The UDC is the development and zoning code for the City of Memphis and
for unincorporated Shelby County.  (Am. Compl. ¶ 6.)  The Office of Planning
and Development ("OPD"), an agent of both the City and Shelby County, is
responsible for administration of the UDC.  (Id. ¶¶ 7-9.)

amendment be submitted at least thirty-five days before the LUCB could consider it. (Id. ¶¶ 44-45.)

Further, Plaintiff alleges that there was not adequate public notice of the hearing to consider the amendment (id. ¶¶ 74-77) and that a staff report was published on April 30, 2015, stating that the amendment resolution had been passed on May 5, 2015, which suggested that, in violation of the Open Meetings Act, advance notice had been given to Whitehead that the resolution would pass (id. ¶¶ 78-84, 88, 113). The LUCB approved the City Council's resolution on May 14, 2015. (Id. ¶ 133.) Readings of ZTA 15-001 were held by the City Council during public meetings on May 19, 2015; June 2, 2015; and June 16, 2015. (Id. ¶¶ 135-36, 141.) The LUCB considered Plaintiff's 2015 Application at a meeting on July 9, 2015. (Id. ¶ 142.) Based on ZTA 15-001, the Application was denied. (Id. ¶ 146.)[2] As amended by ZTA 15-001, the relevant ordinance (with amendments in bold) reads:

9.7.7H. Approval Criteria

1. A major preliminary plan shall be approved by the Land Use Control Board if it meets the following criteria:

---

[2] According to the City Defendants, the LUCB later vacated its application of ZTA 15-001 to Plaintiff's property due to a pending appeal before the Shelby County Chancery Court regarding Plaintiff's prior denial of his zoning application. (ECF No. 32-3.)

a. Conforms with all the provisions and requirements of any plans to be considered (see Chapter 1.9);

b. There are adequate public facilities available, to be provided by the applicant or programmed within the five-year capital improvements program of the governing bodies to accommodate the proposed development;

c. Conforms with all the applicable provisions and requirements of this development code; and

d. Conforms with all the provisions and requirements of other applicable codes and ordinances relating to land development not included in this development code.

2. **This Paragraph shall only apply to proposed subdivisions within the City of Memphis. The LUCB or Memphis City Council may reject a preliminary plan if it is determined that the proposed subdivision is not in keeping with the character of development in the neighborhood. The LUCB or Memphis City Council shall consider the following in the determination of the character of the development in the neighborhood:**

   a. **Building setback lines of all principal structures that lie within 500 feet of the proposed subdivision.**

   b. **Size and width of all lots within 500 feet of the proposed subdivision.**

   c. **Proximity of arterial and connector streets within 500 feet of the proposed subdivision.**

   d. **Diversity of land uses within 500 feet of the proposed subdivision.**

(ECF No. 20-3 at 3.)

On June 3, 2015, another proposed zoning amendment, ZTA 15-002, was posted on Shelby County's website. (Am. Compl. ¶ 137.) ZTA 15-002 would amend UDC Section 9.7.7H to apply to all proposed subdivisions in unincorporated Shelby County and the City of Memphis rather than only the City. (Id. ¶ 138.) According to the City Defendants, ZTA 15-002 was approved by the

Memphis City Council and the Shelby County Board of
Commissioners; it is currently in effect. (ECF No. 39 at 3; see
ECF No. 39-1 at PageID 771-72.)

Plaintiff no longer owns the property he sought to
subdivide, since he sold his entire interest on October 16,
2015. (ECF No. 39 at 4; see ECF No. 39-2.) On December 29,
2015, during the hearing on the instant motions, Plaintiff
confirmed that the property had been sold. (Min. Entry, ECF No.
46.)

**B.  Procedural Background**

On August 4, 2015, Plaintiff filed the Complaint in the
U.S. District Court for the Western District of Tennessee
against Defendants Shelby County Government, City of Memphis,
and Memphis City Council. (Compl., ECF No. 1.) On September
11, 2015, the City Defendants filed a motion to dismiss. (ECF
No. 20.) Shelby County filed a motion to dismiss on the same
day. (ECF No. 22.)

On October 1, 2015, Plaintiff filed an Amended Complaint.
(Am. Compl., ECF No. 30.) Shelby County filed a motion to
dismiss the Amended Complaint on October 14, 2015. (ECF No.
31.)[3] The City Defendants filed a motion to dismiss the Amended

_____

[3] The filing was incorrectly styled as a Motion to Amend/Correct. After
being notified of the deficiency on October 15, 2015 (ECF No. 33), Defendant
Shelby County Government filed a Notice of Correction on October 16, 2015.
(ECF No. 34.)

Complaint on the same day.  (ECF No. 32.)  Plaintiff filed

responses in opposition to the motions to dismiss on November

11, 2015.  (ECF Nos. 37, 38.)  The City Defendants filed a reply

to Plaintiff's response on November 22, 2015.  (ECF No. 39.)

Shelby County filed a reply to Plaintiff's response on November

23, 2015.  (ECF No. 40.)

The Court held a hearing on the Motions to Dismiss on

December 29, 2015.  (Min. Entry, ECF No. 46.)

## II.  LEGAL STANDARD

A court may dismiss a claim for "failure to state a claim

upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

"To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim

to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>,

556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>,

550 U.S. 544, 570 (2007)).

> A complaint must contain a short and plain statement of
> the claim showing that the pleader is entitled to relief.
> . . . A claim is facially plausible when the pleaded
> factual content allows the court to draw the reasonable
> inference that the defendant is liable for the misconduct
> alleged. . . . [T]he court need not accept as true
> allegations that are conclusory or require unwarranted
> inferences based on the alleged facts.

<u>Newberry v. Silverman</u>, 789 F.3d 636, 640 (6th Cir. 2015)

(citations and internal quotation marks omitted).  A court must

"construe[] the complaint in a light most favorable to the

plaintiff." <u>HDC, LLC v. City of Ann Arbor</u>, 675 F.3d 608, 611
(6th Cir. 2012).

"If, on a motion under Rule 12(b)(6) . . . , matters
outside the pleadings are presented to and not excluded by the
court, the motion must be treated as one for summary judgment
under Rule 56." Fed. R. Civ. P. 12(d). "Under certain
circumstances, however, a document that is not formally
incorporated by reference or attached to a complaint may still
be considered part of the pleadings." <u>Greenberg v. Life Ins.
Co. of Va.</u>, 177 F.3d 507, 514 (6th Cir. 1999) (providing an
exception when the complaint refers to a document that is
central to the plaintiff's claim); <u>see also</u> <u>KSR Int'l Co. v.
Delphi Auto. Sys., LLC</u>, 523 F. App'x 357, 359 (6th Cir. 2013)
("[A] court 'may consider the Complaint and any exhibits
attached thereto, public records, items appearing in the record
of the case and exhibits attached to defendant's motion to
dismiss so long as they are referred to in the Complaint and are
central to the claims contained therein,' without converting the
motion to one for summary judgment." (quoting <u>Bassett v. Nat'l
Collegiate Athletic Ass'n</u>, 528 F.3d 426, 430 (6th Cir. 2008))).
In addition, "'documents "integral" to the complaint' may be
relied upon, 'even if [they are] not attached or incorporated by
reference' . . . [when] 'there exist no material disputed issues
of fact regarding the relevance of the document.'" <u>Mediacom Se.</u>

8

<u>LLC v. BellSouth Telecomms., Inc.</u>, 672 F.3d 396, 400 (6th Cir. 2012) (citations omitted)).

## III.  ANALYSIS

### A.  Shelby County Government

Plaintiff asserts multiple claims in his Amended Complaint. The Court finds that all claims against Shelby County must be dismissed.  First, Shelby County was not directly involved in the enactment of ZTA 15-001.  Plaintiff acknowledges that "[b]ecause ZTA 15-001 'shall only apply to proposed subdivisions within the City of Memphis,' the Shelby County Board of Commissioners was not required to meet and did not meet to consider the proposed amendment."  (Am. Compl. ¶ 96.)  Plaintiff also acknowledges that the Shelby County Board of Commissioners was not required to give the requisite public notice because the Board had not considered the amendment.  (<u>Id.</u> ¶ 97.)  Plaintiff concedes that enacting ZTA 15-001 did not require approval by the Board of Commissioners.  (Id. ¶ 99.)

Second, Plaintiff's asserted City-County relationships that make Shelby County a party to the litigation "merely create[] a <u>suspicion</u> of a legally cognizable right of action," as to Shelby County, which is insufficient to maintain a claim.  <u>Bishop v. Lucent Techs., Inc.</u>, 520 F.3d 516, 519 (6th Cir. 2008). Plaintiff asserts, for example, that OPD is a joint agency serving the City and Shelby County and an agent of both entities

9

that is "directly responsible for the administration of the UDC." (Am. Compl. ¶¶ 7-8.) Plaintiff asserts that the Director of Planning for OPD, Josh Whitehead, and the LUCB are also agents of both the City and Shelby County. (Id. ¶¶ 10, 12.) Given the lack of involvement of Shelby County in the consideration and subsequent enactment of ZTA 15-001, however, the Court finds that, as it relates to ZTA 15-001, the agents' actions were not conducted in their capacity as agents of Shelby County. Thus, Shelby County's motion to dismiss is GRANTED.

Next, the Court addresses each of Plaintiff's claims against the City Defendants in turn.

### B. City Defendants

As an initial matter, the Court determines that the City Defendants are not immune from liability under 42 U.S.C. § 1983. "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief, where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 690 (1978).

The City Defendants assert that a municipality cannot be held liable under § 1983 for torts committed by employees or agents unless there was a "custom" that led to a deprivation of

Plaintiff's constitutional rights. (ECF No. 32-1 at 11.)
Plaintiff asserts in response that "[t]he enactment of a zoning
law . . . and the application of that zoning law . . . most
certainly equates to 'official policy or custom[.]'" (ECF No.
37 at 11.) The City Defendants are correct in their assertion
that § 1983 does not confer vicarious liability upon them in the
absence of an official policy or custom. See Pembaur v. City of
Cincinnati, 475 U.S. 469, 477-80 (1986) (describing scope of
§ 1983). Plaintiff, however, has alleged sufficient facts that
the applicable policy or custom is that of enacting zoning laws.
(See, e.g., Am. Compl. ¶¶ 28-58.) Furthermore, Plaintiff has
alleged a pattern of conformance, as prior years' amendments
were enacted following a particular procedure (see id. ¶ 58)
that was not utilized when enacting the 2015 amendment (see,
e.g., id. ¶ 99). Requiring application to the LUCB to subdivide
one's property could also be considered an official policy. Cf.
Mator v. City of Ecorse, 301 F. App'x 476, 479 (6th Cir. 2008)
("requiring a variance application is a City policy that
deprived the Plaintiffs of their properties' grandfathered
status"). Thus, the City Defendants are not immune from
liability under § 1983.

### 1. Substantive Due Process

The Court finds that Plaintiff fails to state a claim for a
violation of substantive due process. Plaintiff asserts that

the denial of his zoning application was unconstitutional
because his application met the requirements of the UDC and was
denied by arbitrary state action. (ECF No. 37 at 12-15 (citing
Wedgewood Ltd. P'ship I. v. Twp. of Liberty, Ohio, 456 F. Supp.
2d 904, 931 (S.D. Ohio 2006)).) The Court finds no violation of
substantive due process because ZTA 15-001 was facially valid
and valid as applied to Plaintiff.[4]

"To state a substantive due process claim in the context of
zoning regulations, a plaintiff must establish that (1) a
constitutionally protected property or liberty interest exists
and (2) that constitutionally protected interest has been
deprived through arbitrary and capricious action." Tri-Corp
Mgmt. Co. v. Praznik, 33 F. App'x 742, 747 (6th Cir. 2002). As
applied to a particular plaintiff in an "administrative
substantive due process attack," the standard is the heightened
"extreme irrationality." Greene v. Hamblen Cnty. Bd. of Zoning
Appeals, No. 2:09-CV-077, 2009 WL 3614562, at *6 (E.D. Tenn.
Oct. 27, 2009) (quoting Pearson v. City of Grand Blanc, 961 F.2d
1211, 1222 (6th Cir. 1992)); see also Tri-Cnty. Concrete Co. v.
City of N. Royalton, 181 F.3d 104, 1999 WL 357789, at *3 (6th
Cir. 1999) (unpublished table decision) ("Municipal defendants

---

[4] For the sake of a comprehensive analysis, the Court assumes here that
the approval or denial of Plaintiff's application would be based on ZTA
15-001. The Court later notes that the denial of Plaintiff's application
based on ZTA 15-001 was later vacated and the application was then denied on
procedural grounds. See infra Part III.B.2.

do not act with 'extreme irrationality' if there is evidence in the record that supplies a reason why they 'might have' taken the action they did.").

Plaintiff first fails to allege a protected property interest.  "[A] party cannot possess a property interest in the receipt of a benefit when the state's decision to award or withhold the benefit is wholly discretionary."  EJS Props., LLC v. City of Toledo, 698 F.3d 845, 856 (6th Cir. 2012) (alteration in original) (quoting Med. Corp., Inc. v. City of Lima, 296 F.3d 404, 409 (6th Cir. 2002)).  If the denial of a zoning application is discretionary, then a plaintiff does not have a "'legitimate claim of entitlement' or a 'justifiable expectation' in the approval of his plan."  Silver v. Franklin Twp., Bd. of Zoning Appeals, 966 F.2d 1031, 1036 (6th Cir. 1992) (quoting G.M. Eng'rs & Assocs., Inc. v. W. Bloomfield Twp., 922 F.2d 328, 331 (1990)).  Although precursors of ZTA 15-001 did not allow for discretionary approval of zoning applications, ZTA 15-001 did.  (See Am. Compl. ¶¶ 91-94.)  This difference is immaterial.  See EJS, 698 F.3d at 857 ("The law is clear that a party cannot have a property interest in a discretionary benefit, even if that discretion had never been exercised previously.")  Thus, in this case, Plaintiff "possesse[s] no property interest that could support a substantive due process claim."  Silver, 966 F.2d at 1036.

Additionally, "[w]here property interests are adversely
affected by zoning, the courts generally have emphasized the
breadth of municipal power to control land use and have
sustained the regulation if it is rationally related to
legitimate state concerns and does not deprive the owner of
economically viable use of his property." Pearson v. City of
Grand Blanc, 961 F.2d 1211, 1223 (6th Cir. 1992) (quoting Schad
v. Borough of Mount Ephraim, 452 U.S. 61, 68 (1981)). The Court
finds that ZTA 15-001 is constitutional on its face because it
is rationally related to legitimate state interests. See infra
Part III.B.3. Plaintiff has not alleged that he was deprived of
economically viable use of his property, but rather only that he
was denied the right to subdivide it. (See, e.g., Am. Compl.
¶ 2.)

Plaintiff does sufficiently allege a protected liberty
interest in the City Defendants' compliance with the UDC. See
Wilkinson v. Austin, 545 U.S. 209, 221 (2005) ("A liberty
interest may arise . . . from an expectation or interest created
by state laws or policies." (citations omitted)). Plaintiff,
however, does not allege facts to support that his liberty
interest was denied with "extreme irrationality." Further, the
City Defendants cite to the public record of the LUCB's hearing
on July 9, 2015, where opponents of Plaintiff's proposed
subdivision asserted that the subdivided lots would not be in

14

keeping with the neighborhood's character. (ECF No. 32-2 at 26
& n.32.) Therefore, because the opposition to the proposed
subdivision supplies a reason why the City Defendants "might
have" denied Plaintiff's application, Plaintiff has not
established that he was deprived of a liberty interest with
"extreme irrationality."

Accordingly, the City Defendants' motion to dismiss
Plaintiff's substantive due process claim is GRANTED.

## 2. Procedural Due Process

The Court finds that Plaintiff fails to state a claim for a
violation of procedural due process. Plaintiff argues that,
because the UDC amendment procedures are considered
administrative instructions, they are subject to procedural due
process. (ECF No. 38 at 22 (citing Wedgewood, 456 F. Supp. 2d
at 934-37).) Plaintiff also asserts that the City Defendants
did not take the mandatory waiting period to amend the UDC, did
not have the discretion to expedite the amendment of the UDC,
and should have received approval from the Shelby County
Commission before enacting the amendment. (Id. at 24-25.) The
Court does not find that Plaintiff has alleged sufficient facts
to support a procedural due process claim.

> To make out a claim for a violation
> of procedural due process, the plaintiff has the burden
> of showing that "(1) he had a life, liberty, or
> property interest protected by the Due Process Clause;
> (2) he was deprived of this protected interest; and (3)

the state did not afford him adequate procedural rights
prior to depriving him of the property interest."

EJS, 698 F.3d at 855 (quoting Women's Med. Prof'l Corp. v.
Baird, 438 F.3d 595, 611 (6th Cir. 2006)).

In this case, Plaintiff does not have a protected property
interest but does have a protected liberty interest.  See supra
Part III.B.1.  Nevertheless, Plaintiff can only satisfy the
first of the three steps of the procedural due process analysis.
He has not alleged facts that would allow the Court to
reasonably infer that Plaintiff was deprived of his protected
liberty interest.  While Plaintiff alleges that the LUCB denied
his 2015 Application because of ZTA 15-001 (Am. Compl. ¶ 146),
he does not provide facts to support this allegation.
Meanwhile, the City Defendants asserted at the hearing on the
instant motion that the LUCB vacated its original decision and
denied the 2015 Application on procedural grounds.  (See also
ECF No. 32-2 at 14-16.)

Even if ZTA 15-001 had been applied to deny Plaintiff's
application, Plaintiff could not meet the third requirement to
bring a procedural due process claim.  "Procedural due process
generally requires that the state provide a person with notice
and an opportunity to be heard before depriving that person of a
property or liberty interest."  Hayes v. City of Memphis, No.
12-2253-JDT-tmp, 2015 WL 1345213, at *8 (W.D. Tenn. Mar. 2,

2015) (quoting <u>Warren v. City of Athens, Ohio</u>, 411 F.3d 697, 708 (6th Cir. 2005)), <u>adopted by sub nom.</u> <u>Hayes v. Wharton</u>, 2015 WL 1292050 (W.D. Tenn. Mar. 23, 2015).  First, Plaintiff's 2015 Application was not filed until May 27, 2015, after ZTA 15-001 had already been considered at several meetings.  (<u>See, e.g.</u>, Am. Compl. ¶¶ 59, 110, 133.)  The City Defendants could not have violated procedural rights that had not yet been contemplated. <u>See generally</u> <u>Morrissey v. Brewer</u>, 408 U.S. 471, 481 (1972) ("Whether any procedural protections are due depends on the extent to which an individual will be 'condemned to suffer grievous loss.'" (quoting <u>Joint Anti-Fascist Refugee Comm. v. McGrath</u>, 341 U.S. 123, 168 (1951) (Frankfurter, J., concurring))).  Second, there was adequate notice of ZTA 15-001. <u>See</u> <u>infra</u> Part III.B.6.

Accordingly, the City Defendants' motion to dismiss Plaintiff's procedural due process claim is GRANTED.

### 3.  Equal Protection

The Court finds that Plaintiff fails to state a claim for a violation of equal protection.  Plaintiff asserts that ZTA 15-001 violates the equal protection provisions of the Constitution and that his constitutional rights were violated when ZTA 15-001 was used to deny his zoning application.  (Am. Compl. ¶¶ 207-218.)  Under a rational basis standard, however, ZTA 15-001 is constitutional.  Moreover, Plaintiff has not

stated any facts as to how his treatment was different from that of similarly-situated individuals.

When determining the validity of "official action that is challenged as denying equal protection[,] . . . legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985). A statute that classifies by gender, race, alienage, or national origin is, however, held to a higher standard. Id.

In this case, the Court need only apply the rational basis standard because ZTA 15-001 does not classify by a category that would require intermediate or strict scrutiny. (See ECF No. 20-3 at 3.) ZTA 15-001 was rationally related to the legitimate state interest of zoning and regulating neighborhood development. Cf. Curto v. City of Harper Woods, 954 F.2d 1237, 1243 (6th Cir. 1992) (finding that a parking ordinance advanced legitimate governmental "interests of safety and aesthetics").

The City Defendants assert that the limitation of ZTA 15-001 to apply only to subdivisions within the City of Memphis (see ECF No. 20-3 at 3) was constitutional because the City of Memphis cannot apply zoning regulations outside of the city, and because the city charter requires the consideration of the character of a district when adopting zoning regulations. (See

18

ECF No. 32-2 at 37 (citing Memphis & Shelby Cnty. Unified Dev. Code § 9.2.1), 22 (citing Memphis, Tenn. Charter art. 21, §§ 137-139; id. art. 22 § 159.1).)  The Court finds that the application of ZTA 15-001 only to the City of Memphis did not violate Plaintiff's equal protection rights because similarly-situated individuals – that is, those seeking to subdivide properties within the City of Memphis – were treated no differently under ZTA 15-001.

Plaintiff asserts that other applicants, specifically those within unincorporated Shelby County, would benefit from mandatory approval of their applications so long as they met the UDC requirements.  (ECF No. 37 at 31.)  He also asserts that applicants for other development approvals would enjoy objective and mandatory approval criteria.  (Id.)  Even assuming that these applicants would be "similarly situated," Plaintiff's Amended Complaint fails to allege facts supporting his assertions that he was treated differently from these individuals.

Accordingly, the City Defendants' motion to dismiss Plaintiff's equal protection claim is GRANTED.

### 4.    "Class of One" Equal Protection

The Court finds that Plaintiff fails to state a claim for a "class of one" equal protection violation.  To bring a successful equal protection claim as a "class of one," a

19

"plaintiff [must] allege[] that []he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Vill. of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam). "A 'class of one' plaintiff may demonstrate that a government action lacks a rational basis in one of two ways: either 'negativ[ing] every conceivable basis which might support' the government action or by demonstrating that the challenged government action was motivated by animus or ill-will." Warren, 411 F.3d at 711 (alteration in original) (quoting Klimik v. Kent Cnty. Sheriff's Dep't, 91 F. App'x 396, 400 (6th Cir. 2004)) (citing Bower v. Vill. of Mount Sterling, 44 F. App'x 670, 677-78 (6th Cir. 2002)).

Plaintiff's allegation that he was treated differently from others similarly situated is conclusory and unsupported by factual allegations. (See generally Am. Compl. ¶¶ 219-42.) The Court has not found that Plaintiff sufficiently alleges that similarly-situated individuals were treated differently from Plaintiff with regard to ZTA 15-001. See supra Part III.B.3; see also Schellenberg v. Twp. of Bingham, 436 F. App'x 587, 592 (6th Cir. 2011) ("the plaintiffs cannot establish a cognizable 'class of one' equal protection claim merely by relying upon the unsupported assertion that 'all applicants [for a zoning permit]' are similarly situated"). Thus, there is no need to

examine the rational basis question.  See Klein v. City of

Jackson, 477 F. App'x 317, 322 (6th Cir. 2012) ("A class-of-one

claim requires two steps.  First, a plaintiff must demonstrate

disparate treatment.").

Accordingly, the City Defendants' motion to dismiss

Plaintiff's "class of one" equal protection claim is GRANTED.

### 5.  Conspiracy

The Court finds that Plaintiff fails to state a § 1985

claim for conspiracy.  Plaintiff asserts that all Defendants

conspired with each other and that individual members of the

City Council conspired with all Defendants and with Mr.

Whitehead to deprive Plaintiff of his rights.  (Am. Compl.

¶¶ 277-279.)  To state an actionable § 1985 claim, however, a

complaint must allege "(1) the existence of a conspiracy, and

(2) some 'class-based discriminatory animus behind the

conspirators' action.'"  Dunn v. Tennessee, 697 F.2d 121, 124

(6th Cir. 1982) (citing Griffin v. Breckenridge, 403 U.S. 88,

102 (1971)).  Although Plaintiff has asserted the existence of

several conspiracies, he has not asserted membership in any

class that is the basis of discriminatory animus by any alleged

conspirator.  Further, employees of an entity cannot conspire

among themselves because they are treated as one entity.  Hull

v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ., 926

F.2d 505, 509 (6th Cir. 1991).  Thus, even if Plaintiff had

properly included the necessary allegations for a § 1985 claim, any claim that alleged a conspiracy between a City Defendant and its employees or members would necessarily fail.

Accordingly, the City Defendants' motion to dismiss Plaintiff's § 1985 claim is GRANTED.

### 6. Tennessee Constitution

The Court finds that Plaintiff fails to state a claim for violations of the Tennessee Constitution.  The due process and equal protection analysis under the United States Constitution and the Tennessee Constitution are "essentially the same."  See Heyne v. Metro. Nashville Bd. of Pub. Educ., 380 S.W.3d 715, 731 (Tenn. 2012); State v. Robinson, 29 S.W.3d 476, 480-81 (Tenn. 2000).  Because Plaintiff has failed to state a federal constitutional claim for violations of due process and equal protection, his state constitutional claims also must be dismissed.

Accordingly, the City Defendants' motion to dismiss Plaintiff's Tennessee constitutional claims is GRANTED.

### 7. Open Meetings Act

The Court finds that Plaintiff fails to state a claim for relief under the Open Meetings Act.  Plaintiff asserts that the City Defendants violated the Open Meetings Act by operating in secret to enact ZTA 15-001 without public notice.  (See Am. Compl. ¶¶ 303-311.)  The City Defendants assert that the May 5,

2015, amendment resolution was not passed in violation of the
Open Meetings Act because it was an internal directive from the
Council to the LUCB and because the notice requirement of the
act does not require notice of the content of a meeting. (ECF
No. 32-2 at 45-47.) Plaintiff does not dispute these
assertions; in fact, Plaintiff does not address the Open
Meetings Act in his response to the City Defendants' motion to
dismiss.

The Open Meetings Act provides that "[a]ll meetings of any
governing body are declared to be public meetings open to the
public at all times, except as provided by the Constitution of
Tennessee." Tenn. Code Ann. § 8-44-102. The Act, however,
"does not guarantee all citizens the right to participate in the
meetings." Souder v. Health Partners, Inc., 997 S.W.2d 140, 150
(Tenn. Ct. App. 1998). Furthermore, the May 5, 2015, resolution
was not "subject to public commentary absent permission from the
Chairman of the Council." (See ECF No. 32-2 at 45.)

Plaintiff's assertion that the amendment was passed with
inadequate public notice is similarly unsupported. The Open
Meetings Act itself does not provide a standard for "adequate
public notice." See Tenn. Code. Ann. § 8-44-101 et seq.
"Adequate public notice" is considered under the totality of the
circumstances and means such notice that "would fairly inform
the public." Memphis Publ'g Co. v. City of Memphis, 513 S.W.2d

23

511, 513 (Tenn. 1974). In this case, notice of the meeting was given in the Daily News (see ECF Nos. 20-15, 30-1, 30-2), and there is no allegation that the proceedings were conducted in secret. Failing to specify the content discussed does not make the notice inadequate, in light of the multiple purposes of the meeting. See Fisher v. Rutherford Cnty. Reg'l Planning Comm'n, No. M2012-01397-COA-R3-CV, 2013 WL 2382300, at *5-6 (Tenn. Ct. App. May 29, 2013), cert. denied, 134 S. Ct. 2707 (2014). Thus, Plaintiff has not alleged sufficient facts to state a claim under the Open Meetings Act.

Accordingly, the City Defendants' motion to dismiss Plaintiff's Open Meetings Act claim is GRANTED.

### 8. Declaratory Judgment

The Court finds that Plaintiff fails to state a claim for declaratory relief. Plaintiff seeks a judgment declaring that "ZTA 15-001 is void and of no effect, [and] that ZTA 15-001 cannot be applied to Plaintiff's 2015 Application." (Am. Compl. at 48.) As the Court has determined, ZTA 15-001 was not illegal or unconstitutional. See supra Parts III.B.1-7. Further, the Court need not declare ZTA 15-001 void because, as the parties acknowledged at the hearing on the instant motions, ZTA 15-001 has already been superseded by ZTA 15-002 and is no longer valid. The Court also need not declare that ZTA 15-001 cannot be applied to Plaintiff's 2015 Application because it was, in

fact, never applied to Plaintiff's 2015 Application by the City Council.  (See ECF No. 32-2 at 18.)  In addition, Plaintiff's 2015 Application is invalid because Plaintiff's 2011 Application is still pending in state court, and thus, the 2015 Application was denied on procedural grounds.  (See id. at 14-16; supra Part III.B.2; see also Am. Compl. ¶ 14 n.1.)

Accordingly, the City Defendants' motion to dismiss Plaintiff's request for declaratory relief is GRANTED.

### 9.  Negligence

The Court finds that Plaintiff fails to state a negligence claim because such a claim is barred by the Tennessee Governmental Tort Liability Act ("GTLA").  Before an entity may be held liable for civil damages under the GTLA, a court must determine that: (1) a governmental employee acted negligently and the acts were the proximate cause of injury; (2) an employee acted within scope of employment; and (3) none of the exceptions apply.  Campbell v. Anderson Cnty., 695 F. Supp. 2d 764, 777 (E.D. Tenn. 2010).  Immunity from suit is waived except if the injury arises out of, inter alia, "civil rights."  Tenn. Code Ann. § 29-20-205(2).  Claims arising under the federal civil rights laws, such as 42 U.S.C. § 1983, and the Constitution are included in the "civil rights" exception.  See Campbell, 695 F. Supp. 2d at 778.  In this case, the negligence claim arises from alleged civil rights violations under Tennessee and federal law.

Thus, the City Defendants have immunity from suit under the GTLA.

Accordingly, the City Defendants' motion to dismiss Plaintiff's negligence claim is GRANTED.

### C. CONCLUSION

For the reasons stated above, Shelby County's Motion to Dismiss (ECF No. 31) and the City Defendants' Motion to Dismiss (ECF No. 32) are GRANTED.

In light of the Court's granting of the instant Motions to Dismiss, the City Defendants' first Motion to Dismiss (ECF No. 20) and Shelby County's first Motion to Dismiss (ECF No. 22) are DENIED as moot.

**IT IS SO ORDERED,** this 25th day of April, 2016.


/s/ Jon P. McCalla
_____
JON P. McCALLA
UNITED STATES DISTRICT JUDGE